Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

2023 OCT 27 PM 3:47

OFFICE OF THE CLERK

Stephanie R. Bartram

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

Sarpy County School District 0037
Rich Beran
Andrew Rinaldi
Gretna Public Schools Board of Education

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 8:23cv474
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* [ ] Yes [ ] No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I. The Parties to This Complaint

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Stephanie R. Bartram |
| Street Address | 12229 Bobwhite Rd. |
| City and County | Gretna, Sarpy |
| State and Zip Code | NE, 68028 |
| Telephone Number | 402-880-9003 |
| E-mail Address | stephbartram6@gmail.com |

**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Sarpy County School District 0037 |
| Job or Title *(if known)* | |
| Street Address | 11717 S. 216th St. |
| City and County | Gretna, Sarpy |
| State and Zip Code | NE, 68028 |
| Telephone Number | (402) 332-3265 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Rich Beran |
| Job or Title *(if known)* | Superintendent |
| Street Address | 11717 S. 216th St. |
| City and County | Gretna, Sarpy |
| State and Zip Code | NE, 68028 |
| Telephone Number | (402) 332-3265 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | Andrew Rinaldi |
| Job or Title *(if known)* | Director of Human Resources |
| Street Address | 11717 S. 216th St. |
| City and County | Gretna, Sarpy |
| State and Zip Code | NE, 68028 |
| Telephone Number | (402) 332-3265 |
| E-mail Address *(if known)* | arinaldi@gpsne.org |

Defendant No. 4

| | |
|---|---|
| Name | Gretna Public Schools Board of Education |
| Job or Title *(if known)* | |
| Street Address | 11717 S. 216th St. |
| City and County | Gretna, Sarpy |
| State and Zip Code | NE, 68028 |
| Telephone Number | (402) 332-3265 |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Gretna Elementary School |
| Street Address | 801 South St. |
| City and County | Gretna, Sarpy |
| State and Zip Code | NE, 68028 |
| Telephone Number | (402) 332-3341 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

### III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [ ] Failure to hire me.
- [✔] Termination of my employment.
- [ ] Failure to promote me.
- [✔] Failure to accommodate my disability.
- [✔] Unequal terms and conditions of my employment.
- [✔] Retaliation.
- [ ] Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
12/3/2020; 1/2021; 2/6/2021; 2/25/2022; 4/6/2022; 4/26/2022; 5/3/2022

C. I believe that defendant(s) *(check one)*:
- [✔] is/are still committing these acts against me.
- [ ] is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- [ ] race _____
- [ ] color _____
- [ ] gender/sex _____
- [ ] religion _____
- [ ] national origin _____
- [ ] age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- [✔] disability or perceived disability *(specify disability)*
  Hereditary Spastic Paraplegia (HSP)

E. The facts of my case are as follows. Attach additional pages if needed.

III. **Statement of Claim**

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.*

E. The facts of my case are as follows:

I began working for Gretna Public Schools (GPS) in August 2009 without any signs of my current disability. Signs and symptoms of my disorder started Fall 2019. My disability is progressive that affects my lower extremities only. I have progressed by using a cane, then a walker, and now I'm in a wheelchair. Due to my disability, I have requested reasonable accommodations which were denied. Due to my disability and in retaliation for requesting reasonable accommodations, I was subjected to different terms and conditions of employment and eventually was discharged. I believe I have been discriminated against based on disability and retaliation in violation of the ADA Amendments Act of 2008, and Sections 48-1104 and 48-1114(1)(a) of the Nebraska Fair Employment Practice Act.

1. Dec 15, 2020 – Feb 2021 my building principal, Mr. Andrew Rinaldi, requested we have a few ADA interactive meetings with Dr. Rich Beran, the school district's superintendent. In that first meeting, I was told by Mr. Rinaldi that I need to come up with my own accommodation emergency plan. Mr. Rinaldi and Dr. Beran also noted that recess is a requirement of every teacher and that trading duties is not a reasonable accommodation. Mr. Rinaldi stated that a paraprofessional is not allowed to do recess duty for a teacher even though other schools have allowed this within GPS. He said, "using another person to fulfill a job duty is not an acceptable accommodation." I requested the accommodation of having the exterior doors to be handicap accessible. Dr. Beran stated that the doors would be fixed during spring break 2021, April 2021. I bought my own scooter and brought it up to the school to complete recess duty and they agreed that I complied. This was even before the doors for recess were supposed to be fixed. As of April 8, 2022, the doors were still not handicap accessible.

2. September 20, 2021 – I sent an email to Mr. Rinaldi asking when the doors would be fixed, and handicap accessibility would work. I received a response on the same day from Mr. Rinaldi that he would forward on to the administration building. I never received a response.

3. January 31, 2022 – Doors for fire drill evacuation that Mr. Rinaldi and Dr. Beran said were a part of their ADA concern was blocked with a snow blower and the hallway was blocked with a variety of items and boxes that limited my ability and others to exit. I sent an email to Mr. Rinaldi.

4. February 18, 2022, I was placed on paid administrative leave and told my contract was being considered for cancellation. During the week of paid leave, Mr. Rinaldi created reasons and searched for information to try to force me to resign. He stated that I could inform my parents and my students that I was leaving because of my health. The continued discrimination and

targeting of me was evident by Mr. Rinaldi wanting me to use my disability as a reason to resign. I chose to take this to a public hearing with the school board.

5. April 6, 2022, after an 11-hour hearing I was terminated by the Gretna Public Schools Board of Education. The reasons were created by Mr. Rinaldi even though I was never reprimanded or even communicated with that these issues were a problem. I have received exemplary evaluations every year for the past 12 years in my personnel file. During the hearing, when my attorney would ask them to look at the exhibits in the folder many board members did not open the folder.

6. April 16, 2022 – I was asked to go to the school to clear out my classroom. Mr. Rinaldi asked the janitorial staff from the building to go through my classroom and clean out my stuff. It was put downstairs in the preschool area that is not handicap accessible (No elevator or working lift to go down the stairs). This forced me to have to enter through the top level of the school to go to my classroom to see if there were any remaining items, but I could not get to the downstairs area independently.

7. April 29, 2022 – My husband and I attended my daughter's school event that was open to the public. I worked at the same school that all 4 of my children attended. There were displays for each child in the cafeteria and continuing down the hallway. The tables were placed so close together that it eliminated access for me to independently move to all the active displays. I believe this was purposefully done so that I could not get down the hallway to go to my former classroom and see my students. During all this time since February 18, I was not allowed to see my students. This caused emotional distraught with many of my students and myself.

8. May 6, 2022 - I was subject to different terms and conditions of a tax paying parent in that I received by certified mail a letter from GPS that stated I was no longer allowed on school property.

9. May 18, 2022 - I was subject to different terms and conditions of employment in that Mr. Rinaldi has been inappropriately discussing my termination with people. For example, he told the school janitor, Jody Faris, the details of my termination and about the no trespassing letter I received. I also learned that Mr. Rinaldi went into a fourth-grade classroom (I taught fifth grade) purposely to tell all of the students in that class that I "left for health reasons."

10. Spring of 2023 – Mr. Rinaldi was promoted to be the Director of Human Resources.

See additional pages

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
NEOC - 5/20/2022
EEOC - 5/25/22

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)* 08/01/2023 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

V.   **Relief**

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.*

I would like to see actions taken against the Gretna Public School Administration for discriminating and targeting me. In addition, their actions have limited my ability to be considered for other teaching and counseling jobs. Lost current and potential wages and benefits in addition to the emotional distress this has put on myself and my family are all items that should be considered. After my termination they have continued to single me out for access to programs at my daughter's school.

Loss of wages: 1.5 million

Compensatory damages: 1.5 million

Total: 3 million

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See additional page

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/27/2023

Signature of Plaintiff: *Stephanie R. Bartram* (signed)

Printed Name of Plaintiff: Stephanie R. Bartram

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

St Louis District Office
1222 Spruce, Room 8.100
St. Louis, MO 63103
(314)798-1960
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 08/01/2023

**To:** Stephanie R. Bartram
12229 Bob White Rd
Gretna, NE 68028

**Re:** Stephanie R. Bartram v. SARPY COUNTY SCHOOL DISTRICT 0037
EEOC Charge Number: 32E-2022-00376

EEOC Representative and email:    Joseph J. Wilson
State, Local & Tribal Program Manager
Joseph.Wilson@EEOC.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: David Davis 8/1/2023
David Davis
Acting District Director

cc:    Justin J Knight
Perry, Guthery, Haase & Gessford PC LLO
233 S 13 St, Ste 1400
Lincoln, NE 68508

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.
- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ✓ **Only one** major life activity need be substantially limited.
- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.
- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability. For more information, consult the amended regulations and appendix, as well as explanatory publications, available at* http://www.eeoc.gov/laws/types/disability_regulations.cfm.